FIRST NATIONAL BANK, Appellant, v. ABERDEEN AR-
TESIAN WELL COMPANY, Respondent.

(137 N. W. 597.)

1. **Evidence—Relevancy—Res  nter Alios Acta—Cross-Examination.**
Plaintiff bank sued for breach of an oral contract between it and defendant, to construct an artesian well in a good and workmanlike manner, to furnish flowing clear soft water, for the sum of $350., alleging that the well failed to furnish such water, and was constructed in an unworkmanlike manner; defendant plead a general denial only. **Held,** that a written contract, claimed to have been made subsequent to the making of the oral contract, between one who was president of plaintiff bank, individually, and defendant, for construction of a well on the same premises, was improperly admitted in evidence on cross-examination of said individual; it was irrelevant, notwithstanding witness had testified, on behalf of plaintiff, that the well was constructed under an oral contract entered into between himself, as president, acting for plaintiff bank, and defendant.

Smith, J., and Whiting, J., dissenting.

**2.    Evidence—Relevancy—Question for Jury—Directing Verdict.**

Where suit was brought for breach of an alleged oral contract between plaintiff and defendant, to construct an artesian well in good and workmanlike manner, to furnish flowing clear soft water, for a sum named, alleging that the well failed to furnish such water and was not constructed in that manner, etc.; defendant pleading general denial only; plaintiff having proved the oral contract, defendant offering no evidence controverting making the oral contract, and the trial court having, over plaintiff's objection, admitted in evidence, on cross-examination of the president of plaintiff bank, a written contract between witness, personally, and defendant, for construction of an artesian well on the same premises, witness having testified that the well was constructed under an oral contract entered into. between himself as president of plaintiff, and the defendant; **held,** plaintiff was entitled to recover.    **Held,** further, that the trial court erred in directing a verdict for defendant.

Smith, J., and Whiting, J., concurring specially.

(Opinion filed October 1, 1912.)

Appeal from Circuit Court, Brown County.    Hon. FRANK McNULTY, Judge.

Action by First National Bank against the Aberdeen Artesian Well Company, for breach of contract for construction of an artesian well.    From a judgment entered upon a directed verdict, plaintiff appeals.    Reversed.

*Taubman & Williamson, for Appellant.*

All parties testify that the well was constructed under the oral agreement.    If such were the fact, it must be conceded the defendant breached the contract in failing to procure a well according to the terms thereof, and the evidence is uncontradicted that as a result thereof the plaintiff was damaged.    This evidence, being uncontradicted and introduced without objection, necessarily raised a question for the jury as to whether this testimony was true and the well constructed. under the oral contract.    If the jury found such to be the case, they were bound to find for the plaintiff and assess his damages at such an amount as the evidence indicated, and it was error for the court to take this question from the jury.    Leaving out of question the purported written contract, the entering into the contract, the digging the well thereunder, the failure of the well to comply with the terms of the contract, and that plaintiff was damaged thereby, is conclusively established by the evidence.

The defendant, however, contended, and the court below sustained that contention, that the written contract, notwithstanding the evidence, was the contract under which the well was constructed. But even assuming such to be the fact, the uncontradicted evidence did show that the inducement for the contract was a flow of clear soft water and proper and workmanlike construction of the well, in both of which respects the construction of the well. Therefore, assuming, we say, that the written contract governed, still the plaintiff was entitled to recover for breach of the contract for the reason that the inducements for the contract must be read into its terms when those are known and considered at the time of the execution of the contract. DePue v. McIntosh, (S. D.) 120 N. W. 532.

Clearly a liability accrued in favor of the plaintiff when it was shown that the defendant, either willfully or by want of ordinary care and skill, so constructed this well that it broke out and flooded the basement of plaintiff's building to plaintiff's damage. Section 1297, C. C.

So a contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. Section 1256 C. C.

But there are two insuperable objections to the court's considering the written contract, Exhibit "5," herein, or holding, as the lower court did that it was the conclusive factor in the case.

In the first place, the contract was not executed by the plaintiff, and did not purport to be a contract between the plaintiff and defendant. The mere fact that it was signed by F. B. Gannon, who at the time was president of the plaintiff corporation, does not make it the act of the plaintiff ,and it nowhere purports to be the act of the plaintiff, or to govern or bind the plaintiff in any way. The evidence shows that the well was constructed for the plaintiff, not for F. B. Gannon, and this contract could not possibly have been executed in relation to the well in controversy. The act of Gannon as an individual could not bind the plaintiff.

And secondly, the uncontradicted evidence in the case shows that the well was constructed under the oral contract entered into between the president and cashier of the plaintiff corporation and the president of the defendant corporation, as testified to by Mr. Gilbourne, who was the president of the defendant, and was not

constructed under the terms of the written contract in any way. This necessarily was a question for the jury to determine, and the taking of that question from the jury by the court was clearly error.

The jury might have entirely disregarded the written contract, and would have been authorized to do so under the evidence in this case if they found that it was not executed by the plaintiff, or was not the contract under which the well was dug. Marshall v. Harney Peak Tin Mining, Milling & Mfg. Co., 1 S. D. 350; Merchants National Bank v. Stebbins, et al., 15 S. D. 280.

*Sterling & Clark,* for Respondent.

In this case plaintiff alleged a contract between the First National bank and the Aberdeen Artesian Well Company. The plaintiff in its complaint did not specify whether the contract was oral or written, but it set forth a large number of guarantees on the part of the defendant, as to the construction of a certain well.

The defendant denied any contract with the First National bank, and denied that it constructed a well for the First National bank and denied the guarantees that were alleged in plaintiff's complaint.

Upon the trial, and on cross examination of the president of plaintiff corporation, it developed that there was no contract between plaintiff corporation and the defendant; that the only contract was a written contract between F. B. Gannon and the defendant; that the well in controversy was sunk under said written contract and that said written contract did not contain the guarantees as alleged in plaintiff's complaint.

At the close of plaintiff's evidence, the following facts were established by it. First, that the matter in controversy was covered by a written contract, and second that said written contract was between F. B. Gannon, personally, and the defendant corporation.

Therefore, it clearly appeared that plaintiff, the First National Bank, had failed to prove the allegations of its complaint against the defendant corporation. And all the evidence relative to oral negotiations prior to the making of the written contract, and all the testimony relative to a contract between plaintiff and defendant was rendered wholly incompetent.

It was upon this theory and this state of facts that the court granted the motion of the defendant for a directed verdict in its

favor. If the Trial Court had refused to grant the motion of the defendant and if it had permitted the case to go to the jury upon the complaint and the proof as it stood when plaintiff rested, it must have resulted in the submission of evidence to the jury wholly at variance from the allegations of the complaint.

At the very close of plaintiff's evidence, and over the objection of the defendant, the witness Gannon was permitted to state that he made the written contract "not for himself individually, but for the First National Bank." This evidence was inadmissible under the pleadings. If the plaintiff had known what its case was, it might, by proper allegation of the complaint, have shown that the contract of F. B. Gannon with the Aberdeen Artesian Well Co. was for the benefit of the First National Bank, and it might by proper allegation have contended that there were inducements for the entering into of said contract by way of a soft water guarantee, etc. etc. But the complaint did not contain these allegations. The plaintiff did not take advantage of them. It alleged a straight contract between the plaintiff corporation and the defendant corporation guaranteeing a flow of soft water; whereas in truth and in fact, all oral negotiations had been merged in a written contract between Mr. Gannon personally and the defendant corporation, and the contract as signed by the parties, did not provide for a soft water flow at all.

But the defendant went to trial on the allegations of the complaint and when it was conclusively shown during the course of plaintiff's own testimony that no contract had been made between the plaintiff and the defendant, and that the only contract ever made by the defendant was a written contract with F. B. Gannon personally, then it was entitled to a direction of verdict in its favor. When Mr. Gannon was confronted with a written contract, made after the time of the oral conversation that he had testified to, and when he admitted that this was the only contract that ever existed between him and the defendant or between the First National Bank and the defendant, then all this evidence (of an oral contract) became incompetent and could not be considered in any way.

It was incompetent first, because parol evidence is inadmissible to vary or alter the terms of a written agreement. Sec. 1287, Civil Code.

And, second, it was incompetent and inadmissible because there was no pleading showing a modification by parol of a written contract, nor any pleading showing inducement of the written contract by oral representations.

Furthermore, the evidence in this case clearly and conclusively shows that the oral negotiations had between Mr. Gilbourne, as President of the defendant corporation, and Mr. Gannon, as president of the plaintiff corporation, were had at least a week or perhaps three weeks or more before the making of the written contract.

They were not made contemporaneous with the written contract as in the case of DePue v. McIntosh, and there is no allegation that the plaintiff was misled or induced to sign the written contract by reason of the prior oral representations.

Again applying the test, it will be observed that the admitted written contract was between F. B. Gannon personally and the defendant corporation. Gannon was not named as president of the corporation in the body of the instrument, nor did he sign the contract as president of the corporation. It is true that, under a proper allegation of the complaint, proof might be offered to show that the contract was intended by both parties to be one between the two corporations, but there was no such allegation in the complaint.

In fact, there can be no serious dispute but that all oral negotiations, had between Mr. Gannon and Mr. Gilbourne, were afterwards merged into a written contract, Exhibit 5, and that the well was sunk under the terms and conditions of that contract. And the contract shows that it was a contract between F. B. Gannon personally and the defendant corporation. We do not see how the plaintiff expects to get away from these patent facts.

In this case the plaintiff found itself confronted at the trial by a written contract, the only contract in the case, and yet persisted in trying to send the case to the jury on a state of facts wholly foreign to the allegations of its complaint and upon evidence that was wholly incompetent. Bank v. Kellog, 4 S. D. 321; Western Pub. House v. Murdick, 4 S. D. 212; Washabaugh v. Hall, 4 S. D. 170.

CORSON, J. This is an appeal by the plaintiff from a judgment on a directed verdict in favor of the defendant.

It is alleged in the complaint, in substance, that the plaintiff is a banking corporation under the laws of the United States, and that the defendant is a corporation organized under the laws of this state; that in the year 1907 the plaintiff bank contracted for the construction of a building upon lots owned by it in the city of Aberdeen, and that the basement of this building was designed and arranged for a barber shop and Turkish bath parlors under a long-time lease; that as part of the contract of lease plaintiff was required to furnish in the lessee an artesian well flowing "clear soft water"; that in order to carry out this contract the plaintiff entered into a contract with the defendant to construct such an artesian well for the sum of $350, on condition that the defendant was construct the well in a good and workmanlike manner, and would keep said well down to a clear soft water flow; that the defendant did drill a well in pursuance of said contract, and the plaintiff did pay for same the sum of $350, but that the well failed to give a soft water flow; and that it was constructed in an unworkmanlike manner, which caused it to break out from the pipes and flood the basement of plaintiff's building. By reason of the failure to secure soft water, and by reason of the loss of rental of the basement, and of repairs made necessary by the flooding of said basement, the plaintiff claimed to be damaged to the amount of $881.24, and demanded judgment for that sum.

The answer of the defendant was a general denial. On the trial the defendant introduced, over the objections of the plaintiff, as part of its cross-examination of the plaintiff's witness Gannon, a contract between the defendant and the witness. The parts of this contract material to this opinion are as follows: "This agreement, made and entered into this 10th day of January, A. D. 1907, by and between the Aberdeen Artesian Well Company, a corporation of the state of South Dakota, located at Aberdeen, South Dakota, party of the first part, and F. B. Gannon, Aberdeen P. O., So. Dakota, party of the second part, witnesseth: That the said party of the first part agreed and contracts with the said party of the second part as follows: * * * (Signed) The Aberdeen Artesian Well Company, Party of the First Part, per Chas. L. Nicholson. F. B. Gannon, Party of the Second Part."

The name of the plaintiff does not appear in any part of the written contract. On the cross-examination of Gannon as a wit-

ness for the plaintiff, he was shown the written contract, and he admitted his signature to the same. The written contract, executed by Gannon with the defendant, was objected to, on the ground that it was irrelevant and immaterial, not proper cross-examniation, not between the parties to the action, and not within the issues.

[1]    We are of the opinion that the evidence as to the written contract between Gannon and the defendant should have been excluded, for the reason that the contract did not purport to be between the parties to the action, and was not within the issues tendered by the pleadings.

[2]    It will be observed that it is alleged in the complaint that the plaintiff and defendant entered into a contract, by the terms of which the defendant was to drill a well for the plaintiff to a depth sufficient to supply soft water, and that the work should be done in a good and workmanlike manner, and that by reason of the breach of the contract the plaintiff suffered damage, for which he claimed to recover judgment in the action. The only issue, therefore, tendered by the defendant by its general denial was the making of such a contract and the breach of the same, and the damages sustained by the plaintiff by reason of said breach of the contract. The plaintiff having introduced evidence clearly sustaining the allegations of the complaint, in the absence of evidence on the part of the defendant controverting the evidence of the plaintiff, the plaintiff was entitled to a verdict in its favor, under the issues tendered.

It will be observed that the defendant failed to set up any modification of the oral contract, or that the same was merged into a written contract entered into between Gannon, acting for the plaintiff, and the defendant. The objections, therefore, of the plaintiff to the introduction of the written contract should have been sustained by the court. Counsel for the defendant very frankly states in his brief that Gannon was undoubtedly surprised by the presentation of the written contract to him on cross-examination; and we are of the opinion that the plaintiff was equally surprised by the presentation of this written contract to Gannon, for the purpose of showing that the oral contract between the plaintiff and the defendant was merged in a written contract entered into between the defendant and Gannon, who was not a party to the action, in view of the fact that the defendant's answer con-

tained only a general denial of the plaintiff's cause of action. The plaintiff having proved the oral contract between it and the defendant, and no evidence having been offered on the part of the defendant controverting the making of the oral contract, the plaintiff was entitled to recover; and the court was clearly in error in directing a verdict in favor of the defendant.

Even assuming that the written contract between Gannon and the defendant was properly admitted in evidence, it was for the jury to say by their verdict whether or not the well was sunk by the defendant under the oral contract, or under the written contract; and hence, in any view of the case, the court was not justified in directing a verdict in favor of the defendant.

It clearly appeared from the evidence that the oral contract between the plaintiff and the defendant was made a week or more prior to the execution of the written contract between Gannon and the defendant. The question, therefore, as to whether the oral contract was merged in the written contract between Gannon, not a party to the action, and the defendant could only be properly shown under proper pleadings on the part of the defendant, and could not properly be shown by the defendant under a mere general denial.

For the error, therefore, in admitting the written contract between Gannon and the defendant, over the objections of the plaintiff, and in directing a verdict in favor of the defendant, the judgment of the circuit court is reversed.

SMITH, J. (concurring specially). The plaintiff's witness Gannon testified that the well was constructed under an oral contract entered into between himself, as president, acting for the plaintiff bank, and the defendant. The general denial in the answer raised an issue, not only as to the existence of the oral contract testified to by the witness, but also as to whether the well was constructed under the oral contract. The witness also testified that the oral contract was made with the bank; he acting as its president. The general denial raised an issue whether the witness was acting in behalf of the bank or otherwise. It seems clear to me that upon each of these issues the written contract is relevant and material as a part of the cross-examination of Gannon, and that the court committed no error in receiving it in evidence. If it had been conceded that the well was constructed under the oral

contract with the bank, or that it was constructed under the written contract with Gannon as an individual, there would have been no issue for the jury. But, neither of these propositions being conceded, the question as to what the fact was should have been submitted to the jury. When the court, by directing a verdict, took these issues from the jury, it committeed an error for which there should be a reversal. The question whether the alleged oral contract was later merged into a written contract goes to the very existence of the contract sued upon, and requires no pleading beyond the general denial in the answer. I concur in the conclusion reached by the majority of the court.

WHITING, J., concurs in the views expressed by SMITH, J.